IN RE DISQUALIFICATION OF KATE.

IN RE HARRIS.

[Cite as *In re Disqualification of Kate* (1999), 88 Ohio St.3d 1208.]

(No. 98–AP–131—Decided February 24, 1999.)

**MOYER, C.J.** This affidavit of disqualification filed by Tarin Stuart Hale and Gerry Latanich, two of the counsel for Anthony R. Harris, and Cyndi Harris, mother of Anthony R. Harris, seeks the disqualification of Judge Linda A. Kate from further proceedings regarding the above-captioned case. This affidavit of disqualification was filed while the adjudicatory hearing was pending, and Judge Kate suspended further proceedings pending a ruling on the affidavit.

This is the second affidavit of disqualification filed by counsel representing the alleged juvenile delinquent. The previous affidavit, which alleged bias relative to the judge's conduct of pretrial proceedings in this matter, was found not well taken and denied. *In re Disqualification of Kate* (Dec. 16, 1998), No. 98–AP–131, unreported.

In this affidavit of disqualification, affiants reference statements allegedly made by Judge Kate during a conference with the parties at which the possibility of a plea agreement was discussed. Affiants claim that these statements reflect

Judge Kate's predisposition to adjudicating their client delinquent even though the prosecution has presented only a portion of its case. Affiants further allege this predisposition is contrary to the evidence presented thus far and demonstrates a bias on the part of Judge Kate.

Judge Kate has provided a written response to the affidavit in which she states that she raised the issue of a plea agreement with the parties, since there had not been any prior discussions in that regard and because several minors were next scheduled to testify at the hearing. While she does not take issue with the general content of the comments attributed to her by affiants, Judge Kate contends that nothing in her brief statements to counsel can be interpreted as favorable or unfavorable comments regarding the evidence presented or the merits of the case. She strongly denies having prejudged the guilt or innocence of the juvenile.

I have previously held that an affidavit of disqualification cannot be used to disqualify a judge after lengthy proceedings have transpired in a pending case. See *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458. In a situation such as this, where an affidavit is filed after the commencement of a trial and after the presentation of evidence has begun, a judge should be disqualified only where the record clearly and unquestionably demonstrates a "fixed anticipatory judgment," *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 318, 132 N.E.2d 191, 195, that undermines the absolute confidence of the public in the fairness and integrity of the proceedings.

There appears to be no dispute regarding the substance of the judge's comments. Rather, the only disagreement is the manner in which the remarks were interpreted and their perceived impact on the pending proceeding. After carefully reviewing the judge's comments and the materials filed by affiants and Judge Kate, I cannot conclude that the remarks attributed to Judge Kate require her disqualification from this proceeding. The comments cited by affiants appear merely to reflect the judge's inquiry as to whether there was any basis for the parties to discuss a plea agreement. After one of the juvenile's attorneys indicated that there was no possibility of agreement, the judge's inquiry ended. Contrary to the assertions of the affiants, I find nothing in the record that remotely demonstrates a predisposition on behalf of Judge Kate toward a determination of the juvenile's guilt or innocence. Therefore, I cannot determine the clear and unquestionable existence of a "fixed anticipatory judgment" that raises a question regarding the fairness and integrity of this proceeding.

Affiant Hale has submitted a brief in support of the affidavit of disqualification in which he attempts to argue the legal propriety of Judge Kate's initiation of and brief participation in discussions regarding a plea negotiation. The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of

disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case. Ohio Constitution, Section 5(C), Article IV, and R.C. 2701.03. While I have concluded that Judge Kate's comments do not demonstrate the existence of bias or prejudice, the matters raised in affiant's brief are legal issues that are more appropriately raised in any appeal of the trial judge's final adjudication.

For the reasons cited above, I find the affidavit not well taken and denied. The case shall proceed before Judge Kate.