IN RE DISQUALIFICATION OF GRIFFIN.

IN RE JUDGE BURT W. GRIFFIN, SUPERVISING JUDGE OF THE CUYAHOGA COUNTY GRAND JURY, MAY TERM, 2003, MON./WED., "B" SIDE.

[Cite as *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356.]

(No. 03–AP–050—Decided August 4, 2003.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by William D. Mason, Cuyahoga County Prosecuting Attorney, seeking to disqualify Judge Burt W. Griffin from

continuing to supervise the Monday/Wednesday "B" Side of the Cuyahoga County Grand Jury, May Term, 2003.

{¶ 2} On April 30, 2003, Judge Griffin, in his role as its supervising judge, empaneled the subject grand jury. Judge Griffin read and distributed a ten-page grand jury charge, a copy of which was attached to affiant's initial affidavit. It is Judge Griffin's charge to the grand jury that is the basis for this affidavit of disqualification.

{¶ 3} The pleadings in this case were extensive. Affiant filed a 24–page "Law in Support of Affidavit of Disqualification" accompanied by a 14–page affidavit with exhibits. In response, Judge Griffin filed a seven-page affidavit and his counsel filed a 13–page memorandum. These were followed by affiant's Reply Brief and Affidavit, Judge Griffin's Surreply Memorandum, and an amicus curiae memorandum opposing disqualification filed by the Cuyahoga County Bar Association.

{¶ 4} The gravamen of the affidavit is the prosecutor's belief that Judge Griffin "tainted the grand jury by inaccurately advising jurors of the law applicable to the administration of their duties." (Law in Support of Affidavit of Disqualification, at 1.) The prosecutor cited numerous examples that related to, among other things (a) the burden of proof required for the grand jury to return an indictment; (b) the role of the grand jury foreperson in advising the jury on the law; (c) a putative defendant's right to testify before the grand jury; (d) a prosecutor's duty to present to the grand jury any evidence that would negate the guilt of an individual; and (e) an alleged "differential prosecution" of certain types of drug cases that leads some members of the community to believe that the county's criminal justice system is racially biased.

{¶ 5} On May 2, 2003, affiant filed and submitted to Judge Richard McMonagle, Presiding and Administrative Judge of the Cuyahoga County Common Pleas Court, a "State's Objection to Grand Jury Instructions and Motion to Discharge/Terminate Grand Jury." Judge McMonagle set a hearing on this motion for May 8. On May 7, Judge Griffin scheduled a hearing for May 9 in response to the affiant's objections and to request from the grand jury itself that the issue be resolved. Later on May 7, affiant served Judge Griffin with a copy of the affidavit of disqualification, and therefore the hearings that had been scheduled by Judge McMonagle and Judge Griffin were held in abeyance.

{¶ 6} In his response to the affidavit of disqualification, Judge Griffin acknowledged that the charge he gave to the grand jury "differs in some respects from instructions given by me on prior occasions in order to address certain concerns about grand jury operations" and "to ameliorate some of those problems." (Griffin Affidavit, ¶ 5, 10.) He also acknowledged some errors in his charge, acknowledged the need for curative measures, and "recognizes that some portions

of the charge are subject to question and deserve more intense research and analysis." (Griffin Affidavit, ¶ 20.) Judge Griffin stated that he is prepared to modify his charge to the grand jury, or even discharge the grand jury and empanel a new one, and "welcomes the opportunity to hear from the prosecutor on all of the issues of legal errors that he has raised in his affidavit of bias and prejudice." (Griffin Affidavit, ¶ 33.) He denies any bias and prejudice against the affiant or any members of the prosecutor's staff.

{¶ 7} R.C. 2701.03(A) provides that a party or counsel may seek a judge's disqualification if that judge "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court."

{¶ 8} An affidavit of disqualification is not the mechanism for determining whether a judge has complied with the law or, specifically in this case, determining whether Judge Griffin's charge to the grand jury was legally correct. It also is not an appropriate vehicle for determining whether, as the affiant alleges, Judge Griffin has engaged in "violations of both the Canons governing Judicial Conduct and the Disciplinary Rules of the Code of Professional Responsibility." (Law in Support of Affidavit of Disqualification, at 23.) Rather, the issue before the Chief Justice in a disqualification proceedings is a narrow one:

{¶ 9} "The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Kate* (1999), 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098.

{¶ 10} Having thoroughly examined the facts, arguments of the parties, and the applicable law, I conclude that the record before me does not support a finding of bias, prejudice, or interest on the part of Judge Griffin as is required by R.C. 2701.03 to disqualify him. For this reason, the affidavit of disqualification is found not well taken and is denied. Judge Griffin may continue in his role with this grand jury.