IN RE DISQUALIFICATION OF LUCCI.

STATE *v.* PERRY.

[Cite as *In re Disqualification of Lucci,* 139 Ohio St.3d 1201,

2014-Ohio-2044.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Claimed legal error is issue for appeal—Disqualification denied.*

(No. 14-AP-015—Decided March 11, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Lake County Court of Common Pleas

Case No. 10CR00730.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Defendant Kyle Perry has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Eugene A. Lucci from presiding over any further proceedings in case No. 10CR000730, now pending for resentencing in the Court of Common Pleas of Lake County.

**{¶ 2}** Perry claims that the underlying case was improperly "steered" to Judge Lucci and that Judge Lucci's comments to him during trial and the judge's refusal to disqualify Perry's court-appointed counsel demonstrate the judge's bias and prejudice against him.

**{¶ 3}** Judge Lucci has responded in writing to the allegations in Perry's affidavit, averring that he has no bias or prejudice against Perry.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Lucci.

**{¶ 5}** First, Perry has failed to establish that the assignment of his case to Judge Lucci indicates judicial bias. According to Judge Lucci, he was assigned to the underlying case pursuant to a local court rule providing that if an offender has

a case assigned to a particular judge, any subsequent cases involving that offender shall be assigned to that same judge.  Judge Lucci explains that he had previously heard a case involving Perry; therefore, under the local rule, he was assigned the underlying case.  Perry claims that the local rule violates the Rules of Superintendence for the Courts of Ohio, among other legal doctrines.  That issue, however, is beyond the scope of this affidavit-of-disqualification proceeding.  *See In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 9 (the issue in disqualification proceedings is "limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case").  Perry has failed to indicate how the court's adherence to its local rule demonstrates that Judge Lucci has a bias against Perry warranting the judge's removal from the underlying case.

**{¶ 6}**  Second, neither the judge's comments here nor his legal rulings are grounds for disqualification.  Perry claims that Judge Lucci attempted to "intimidate" him for requesting to proceed pro se.  To support his claim, Perry cites portions of various hearing transcripts.  In response, Judge Lucci asserts that he was attempting to disclose to Perry the perils of representing himself in a jury trial where he could receive more than two decades in prison.  A review of the judge's statements to Perry does not suggest bias or prejudice.  *See In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14 (explaining that "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts' "), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

2

**{¶ 7}** Similarly, Judge Lucci's refusal to disqualify Perry's court-appointed counsel does not warrant disqualification. It is well settled that a party's "dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification." *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Perry's claimed legal error here is an issue for appeal, not for an affidavit of disqualification. Indeed, Judge Lucci states that this issue was raised, considered, and overruled in Perry's direct appeal.

**{¶ 8}** For the reasons stated above, the affidavit of disqualification is denied. Resentencing may proceed before Judge Lucci.

_____