**IN RE DISQUALIFICATION OF BOROS.**

**ALONSO *v*. ALONSO.**

[Cite as *In re Disqualification of Boros,* ___ Ohio St.3d ___, 2014-Ohio-2598.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification denied.*

(No. 14-AP-024—Decided April 21, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Lorain County Court of Common Pleas, Domestic Relations Division, Case No. 08DU069302.

_____

**O'CONNOR, C.J.**

{¶ 1} Joan Jacobs Thomas, counsel for defendant, and defendant Ann Alonso have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Debra L. Boros from presiding over any further proceedings in case No. 08DU069302, now pending for continuation of trial in the Domestic Relations Division of the Court of Common Pleas of Lorain County.

{¶ 2} Affiants claim that Judge Boros has exhibited personal bias against them and interfered with their attorney-client relationship. Judge Boros has responded in writing to the allegations in the affidavits, concluding that a review of the transcripts from the underlying case does not support affiants' claims.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Boros.

{¶ 4} In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit specific allegations of bias or prejudice. *See* R.C. 2701.03(B)(1). In addition, when an affidavit is filed after commencement of a trial and after the presentation of evidence has begun—such as the case here—a judge should be disqualified only when the record "clearly and unquestionably demonstrates a 'fixed anticipatory judgment' that undermines the absolute

confidence of the public in the fairness and integrity of the proceedings.' " *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

{¶ 5} Affiants first allege that during a December 2013 hearing, Thomas suffered a medical episode, but Judge Boros acted with ill will towards Thomas and refused to allow Alonso, who is a nurse, to administer medical attention to Thomas. Judge Boros disputes that she prevented Thomas from receiving medical attention, stating that the judge directed opposing counsel to call 9-1-1 to request immediate medical assistance, even though Thomas had stated that she did not need such assistance. Judge Boros further acknowledges that she instructed Alonso to stay in her seat during the incident, but the judge states that she was not aware that Alonso was a nurse and that fact had not been represented to her. Affiants here appear to believe that Judge Boros did not show as much compassion for Thomas as they would have liked during her medical emergency. But based on this record, it cannot be said that the judge's reactions to the incident reflect a personal bias or prejudice against Thomas or a fixed anticipatory judgment on the merits of the underlying case.

{¶ 6} Affiants next claim that Judge Boros has repeatedly challenged Thomas's competency as an attorney, which has interfered with affiants' attorney-client relationship. Specifically, in January 2014, plaintiff's counsel indicated that he planned to call Thomas as a witness for trial. As a result, Judge Boros held a hearing on whether Thomas was a necessary witness and if so, whether Thomas could remain as Alonso's counsel under Prof.Cond.R. 3.7(a) (preventing a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness, unless certain exceptions are met). Judge Boros determined that Thomas would be a necessary witness, and the judge explained to Alonso the

potential conflict of interest that could result if her attorney was a witness in the case. The judge, however, did not disqualify Thomas as counsel.

{¶ 7} On the third day of the March 2014 trial, Thomas indicated that she had brought separate counsel to represent her when she testified. At that point, Judge Boros stated that she needed to reconsider whether Thomas could continue as Alonso's counsel, especially if Thomas felt that she needed her own personal counsel present in the courtroom. After a recess, Judge Boros stated that she was standing by her initial decision that Thomas could remain as Alonso's attorney, and the judge also concluded that Thomas could have her own separate counsel present when she testified.

{¶ 8} Plaintiff, however, decided not to call Thomas as a witness. Thomas nevertheless stated that she would be putting herself on the stand, which led to further statements and questioning from Judge Boros about the propriety of Thomas remaining as Alonso's counsel. In response to the judge's questioning, Alonso stated that she was unsure about moving forward with Thomas as her counsel. Judge Boros then continued the trial until the following day so that Alonso could confer with Thomas and make a decision. The next day, Alonso stated that she needed additional time to explore her options and talk to other attorneys. Judge Boros then continued the trial, but affiants filed their affidavits of disqualification before trial resumed.

{¶ 9} Thomas claims that at the January hearings and during the March trial, Judge Boros repeatedly lectured Alonso and engaged in "very inflammable questioning" about whether Alonso understood Thomas's "potential liability" in the case and whether Alonso wanted to continue with Thomas as her counsel. The judge's conduct, according to Thomas, placed doubt in her client's mind about Thomas's competency and interfered with their attorney-client relationship. In her affidavit of disqualification, Alonso similarly states that the judge's repeated questions to her created a "clear implication that [Thomas] did

something wrong," which interfered with their attorney-client relationship. For her part, Judge Boros states that she was obligated to address Prof.Cond.R. 3.7 concerns and that her statements to Thomas and Alonso about the potential conflict were "not to be accusatory or threatening, but instead, informative, with the ultimate goal being to address any potential for conflict to and maintain the integrity of the judicial process."

{¶ 10} The transcripts from the January hearings and the March trial do not support affiants' claims that the judge's questioning of Alonso was a product of bias against Thomas. Nor do the transcripts indicate that Judge Boros directly challenged Thomas's competency as an attorney or intentionally interfered with affiants' attorney-client relationship. The transcripts show that Judge Boros was attempting to fulfill what she considered her obligations under Prof.Cond.R. 3.7 and to ensure that Alonso understood what was occurring. Accordingly, the record here does not clearly and unquestionably establish a bias or fixed judgment that would support disqualification at this late stage of the proceedings.

{¶ 11} Finally, Thomas claims that Judge Boros has had inappropriate discussions with the previous judge assigned to the underlying case. Judge Boros denies having any such inappropriate communications and explains that the previous judge requested transfer of the case because that judge had been exposed to an ex parte e-mail. Judge Boros states that she is aware of that fact because she is the administrative judge of the court, but Judge Boros further explains that she has not reviewed the e-mail and is not even aware of its subject matter. On this record, affiants have not demonstrated that Judge Boros has had any inappropriate communications with the previous judge that would warrant her removal.

{¶ 12} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Boros.

————————————