IN RE DISQUALIFICATION OF SWIFT.

IN RE CLETUS P. MCCAULEY AND MARY A. MCCAULEY TRUST (SIX CASES).

[Cite as *In re Disqualification of Swift,* ___ Ohio St.3d ___, 2014-Ohio-3133.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Affiant failed to demonstrate bias or conflict of interest—Disqualification denied.*

(No. 14-AP-029—Decided May 7, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas, Probate Division, Case Nos. 220494, 205029, 208532, 209055, 209512, 215368, and 219397.

——————————

**O'CONNOR, C.J.**

**{¶ 1}** Craig T. Conley, counsel in the underlying cases, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Thomas A. Swift, a visiting judge sitting by assignment, from presiding over all matters related to the Cletus P. McCauley and Mary A. McCauley Irrevocable Trust, in the Stark County Probate Court.

**{¶ 2}** Conley represents the beneficiaries of the trust, and he claims that Judge Swift's recent communications—to all counsel—regarding a new case, case No. 220494, amounted to legal advice to the trust fiduciary. Therefore, Conley claims that Judge Swift has a conflict of interest that precludes him from presiding over the new case, as well as over six other trust-related matters.

**{¶ 3}** Judge Swift has responded in writing to the affidavit, averring that he has not given the trust fiduciary any preferential treatment.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Swift.

**{¶ 5}** As an initial matter, Judge Swift has not been assigned to the new case, case No. 220494, and that matter will be assigned to a different visiting judge. Under R.C. 2701.03(A), the chief justice cannot rule on an affidavit of disqualification when, as in case No. 220494, the matter is not pending before the judge against whom the affidavit is filed.

**{¶ 6}** As to the remaining trust-related cases, Conley has failed to establish that disqualification is warranted. An affidavit of disqualification is not the appropriate mechanism for determining whether a judge has complied with applicable law or even the Code of Judicial Conduct. *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 8. The issue in these proceedings is narrow and " 'limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification.' " *Id.* at ¶ 9, quoting *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999). "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956). In addition, it has long been held that, "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze*, 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001).

**{¶ 7}** Given the length of the other McCauley-related proceedings and Judge Swift's significant involvement in those complex cases, Conley has not demonstrated that "extraordinary circumstances" exist here that would mandate Judge Swift's removal. Specifically, Conley has not established that Judge Swift

has any hostile feelings toward him or has reached a fixed anticipatory judgment in any of the matters pending before the judge. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 8}** For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Swift. The assignment of a visiting judge to preside over case No. 220494 will be addressed in a separate entry.

_____