IN RE DISQUALIFICATION OF LUEBBERS.

TROJA *v.* PLEATMAN.

[Cite as *In re Disqualification of Luebbers,*
145 Ohio St.3d 1226, 2015-Ohio-5671.]

(No. 15–AP–097—Decided November 18, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant Jacqueline Pleatman, a.k.a. Crysta Pleatman, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Jody Luebbers from presiding over any further proceedings in the above-captioned breach-of-contract case.

{¶ 2} Pleatman claims that Judge Luebbers is biased against her and has violated her First Amendment rights by threatening to impose jail time on Pleatman for sending e-mails to opposing parties and their counsel in an effort to resolve the underlying case. In addition, Pleatman avers that at a May 2015 hearing, Judge Luebbers "screamed" at her, and Pleatman argues that the judge improperly ordered her and her husband to pay attorney fees, unfairly dismissed third-party defendants, and improperly issued a nunc pro tunc order.

{¶ 3} Judge Luebbers has responded in writing to the affidavit, denying any bias against Pleatman and affirming that all of her legal decisions in the case have been based on the law. Judge Luebbers denies screaming at Pleatman, and the judge also explains the inadvertent error that caused her to issue the nunc pro tunc order.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Luebbers.

{¶ 5} Resolution of Pleatman's bias claims requires determining whether Judge Luebbers violated Pleatman's First Amendment rights, issued an improper nunc pro tunc order, or otherwise violated applicable law. It is well established, however, that "[a]n affidavit of disqualification is not the mechanism for determining whether a judge has complied with the law." *In re Disqualification of*

*Griffin,* 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 8; *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4 (an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law"). Rather, the issue before the chief justice in a disqualification request is narrow: "The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Kate,* 88 Ohio St.3d 1208, 1209–1210, 723 N.E.2d 1098 (1999). Here, the record does not support a finding of bias or prejudice. Pleatman may have other legal remedies available to challenge Judge Luebbers's rulings, including appeal, but Pleatman may not litigate these issues in an affidavit of disqualification.

{¶ 6} The statutory right to seek disqualification is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 7} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Luebbers.