IN RE DISQUALIFICATION OF SAFFOLD.

THE STATE OF OHIO *v.* THOMPSON.

2017-Ohio-523.]

(No. 17–AP–002—Decided February 2, 2017.)

---

O'CONNOR, C.J.

{¶ 1} Defendant, Lonnie Thompson, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Shirley Strickland Saffold from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} Mr. Thompson argues that Judge Saffold has demonstrated bias and prejudice against him and should be disqualified based on the following allegations. First, Mr. Thompson claims that Judge Saffold sentenced him to a prison term far greater than the sentence recommended by the prosecutor and the

sentences imposed on his codefendants. Second, Mr. Thompson alleges that the judge made numerous derogatory and inaccurate comments about him during sentencing. And third, Mr. Thompson asserts that the judge has ignored valid posttrial motions and requests.

{¶ 3} Judge Saffold has responded in writing to the allegations raised in the affidavit, offering a detailed account of the underlying proceedings. The judge denies that the sentence imposed on Mr. Thompson reflects bias or prejudice, noting that the sentence was upheld on appeal. As to her alleged disqualifying comments, Judge Saffold claims to have merely offered fair comment about Mr. Thompson's character during sentencing. She also maintains that her failure to rule on certain motions does not demonstrate bias but rather a lack of jurisdiction over the majority of those motions.

{¶ 4} For the reasons that follow, Mr. Thompson has failed to establish any basis to disqualify Judge Saffold.

*Judge's alleged excessive sentence*

{¶ 5} Mr. Thompson first argues that Judge Saffold is biased and prejudiced because she imposed an excessive prison sentence. Judge Saffold sentenced Mr. Thompson to a 31.5–year prison term. Mr. Thompson states that his sentence greatly exceeds the 20–year prison term recommended by the prosecutor, as well as the three-year and one-year sentences given to his codefendants.

{¶ 6} It is well settled that a party's disagreement or dissatisfaction with a judge's legal rulings, even erroneous ones, is not grounds for disqualification. *In re Disqualification of Floyd,* 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The matter complained of here falls within the sound discretion of the trial court, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess such matters. *See In re Disqualification of Synenberg,* 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 20. Mr. Thompson has other remedies, including appeal, available to challenge Judge Saffold's sentence, but he may not litigate this issue in an affidavit of disqualification. *In re Disqualification of Luebbers,* 145 Ohio St.3d 1226, 2015-Ohio-5671, 48 N.E.3d 568, ¶ 5.

{¶ 7} In fact, this was explained to Mr. Thompson in a judgment entry that denied a prior affidavit of disqualification that he filed against Judge Saffold. *See* case No. 14–AP–117. Moreover, Mr. Thompson did argue on direct appeal that his sentence was both excessive and disproportionate to those given to his codefendants. Those arguments were rejected. *State v. Thompson,* 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, 2014 WL 265491, ¶ 21–26. As noted, an affidavit of disqualification is not the appropriate forum for Mr. Thompson to seek review of such determinations.

*Judge's alleged disqualifying comments*

{¶ 8} Second, Mr. Thompson alleges that Judge Saffold made numerous derogatory and inaccurate comments during sentencing. In an affidavit-of-disqualification case, the affiant bears the burden of submitting sufficient evidence to support the allegations of bias or prejudice. R.C. 2701.03(B)(1) (requiring an affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support each allegation). Generally, an affiant is required to submit evidence beyond the affidavit that would support the allegations contained therein. *See In re Disqualification of Crow,* 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000).

{¶ 9} Here, Mr. Thompson failed to substantiate his allegations with evidence outside the affidavit. Mr. Thompson claims that the judge made the alleged disqualifying comments during his sentencing and resentencing hearings, but he did not provide a transcript of those hearings to support his allegations. On this record, there is no way to determine whether Judge Saffold even made the complained-of comments, let alone whether those comments are disqualifying when viewed in context. *See In re Disqualification of Walker,* 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) (vague, unsubstantiated allegations are insufficient to establish bias or prejudice).

*Judge's failure to rule on certain posttrial motions and requests*

{¶ 10} Finally, Mr. Thompson argues that the judge demonstrated bias and prejudice by refusing to rule on several valid posttrial motions, as well as certain requests for findings of fact and conclusions of law. But a judge's alleged failure to promptly rule on motions does not constitute bias or prejudice. *In re Disqualification of Eyster,* 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4 (a judge's action—or inaction—on a motion is within the judge's sound discretion and is not evidence of bias or prejudice).

*Conclusion*

{¶ 11} "The disqualification of a judge is an extraordinary remedy." *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 15, citing *In re Disqualification of Hunter,* 36 Ohio St.3d 607, 522 N.E.2d 461 (1988). Mr. Thompson has not demonstrated that there are extraordinary circumstances that warrant Judge Saffold's disqualification.

{¶ 12} Therefore, the affidavit of disqualification is denied. The case may proceed before Judge Saffold.