[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1235.]

IN RE DISQUALIFICATION OF PONTIOUS.

THE STATE OF OHIO *v*. MCCULLOUGH.

[Cite as *In re Disqualification of Pontious*, 2001-Ohio-4105.]

*Judges—Affidavit of disqualification—Judge's receipt and consideration of unsolicited letters that relate solely to defendant's request for a continuance are not evidence of bias or prejudice—General Assembly has required that judges consider the objections of crime victims to a request for continuance—R.C. 2930.08.*

(No. 01-AP-078—Decided September 14, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Fayette County Common Pleas Court case No. 2000-0085-CRI.

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Jerry McHenry, counsel for defendant, seeks the disqualification of Judge Victor Pontious from further proceedings regarding the above-referenced case, *State v. Matthew McCullough.*

{¶ 2} Affiant makes three contentions in support of his claim that Judge Pontious should be disqualified from further proceedings in this case:

- Judge Pontious denied the defendant's request for a continuance of the September 18, 2001 trial date;

- Judge Pontious commented that this was a "simple case" and that a defense psychologist recently retained by the defendant's counsel would not need additional time to prepare for trial;

- Judge Pontious received and read communications from members of the victim's family in which they objected to the defendant's request for a continuance and stated their views regarding the appropriate punishment in this case. The fact that Judge Pontious received these communications was

not shared with the defendant until a pretrial conference on August 23, 2001.

{¶ 3} Judge Pontious admits that he overruled the defendant's request for a continuance of the trial date, admits having received letters from the victim's family objecting to the defendant's request for a continuance, and denies having commented on the merits of the underlying case. He provides a copy of a journal entry, dated September 5, 2001, in which he found that his consideration of these letters was authorized by R.C. 2930.08. Attached to this journal entry are copies of the letters sent to Judge Pontious by the victim's family. These letters reflect the family members' objections to the continuance requested by the defendant and do not address the merits of the case or the potential punishment that should be imposed if the defendant is convicted.

{¶ 4} A judge's decision to grant or deny a party's request for a continuance is within the sound discretion of the judge and is not, by itself, evidence of bias or prejudice. *In re Disqualification of Spahr* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457. In a criminal case, the judge's decision to grant or deny a continuance is governed, in part, by R.C. 2930.08, which reads as follows:

"If a motion, request, or agreement between counsel is made in a case and the motion, request, or agreement might result in a substantial delay in the prosecution of the case, the prosecutor in the case, to the extent practicable and if the victim has requested notice pursuant to division (B) of section 2930.03 of the Revised Code, shall inform the victim that the motion, request, or agreement has been made and that it might result in a delay. If the victim objects to the delay, the prosecutor shall inform the court of the victim's objections, and the court shall consider the victim's objections in ruling on the motion, request, or agreement."

{¶ 5} A trial judge cannot reasonably be expected to control what correspondence is sent to the judge by persons interested in a pending case, particularly by persons who are unrepresented family members of a crime victim.

Although the better practice in this situation would have been for the judge to promptly notify the parties of the receipt of the letters and immediately provide them with copies, I cannot conclude that the judge's receipt and consideration of unsolicited letters that relate solely to the defendant's request for a continuance are evidence of bias or prejudice. This is especially true in view of the fact that the General Assembly has required that trial judges consider the objections of crime victims to a continuance request.

{¶ 6} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Pontious.

_____