IN RE DISQUALIFICATION OF EYSTER.

MIKLOVIC *v.* K. DEAN SHIRA CONSTRUCTION.

[Cite as *In re Disqualification of Eyster,* 105
Ohio St.3d 1246, 2004-Ohio-7350.]

(No. 04–AP–094—Decided September 27, 2004.)

---

MOYER, C.J.

{¶ 1} Attorney James L. Major—on behalf of the plaintiffs—has filed an affidavit with the Clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Otho Eyster from acting on any further proceedings in case No. 02–BR–120452 in the Court of Common Pleas of Knox County.

{¶ 2} Affiant Major alleges that Judge Eyster held a lengthy ex parte discussion with one of the defendants recently and suggests that the judge is now biased against the plaintiffs. Affiant also faults the judge for failing to issue rulings on motions that he views as critical to the case.

{¶ 3} I find no basis for ordering the disqualification of Judge Eyster. First, the affidavit is untimely. Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing" in the case is scheduled. The affidavit against Judge Eyster was filed by affiant the day before the case was scheduled for trial. I have explained in other cases that the statutory filing deadline can be set aside "only when compliance with the provision is impossible." *In re Disqualification of Leskovyansky* (1999), 88 Ohio St.3d 1210, 723 N.E.2d 1099. In this case, affiant does not indicate in the affidavit when the alleged ex parte conversation occurred. He claims that the conversation took place "[p]reviously," but I cannot tell what that term means in relation to the seven-day filing deadline in the statute. I presume that if the incident happened during the seven-day period before the scheduled start of the trial, the affidavit would have said so expressly. In any event, affiant bears the burden of showing that he has complied with the statutory filing deadline, and affiant has not met that burden.

{¶ 4} As for the judge's alleged failure to provide timely rulings on motions, that concern is not one that can be addressed through an affidavit of disqualification. An affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio

St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. A judge's action—or inaction—on a motion for a continuance "is within the sound discretion of the judge and is not, by itself, evidence of bias or prejudice." *In re Disqualification of Pontious* (2001), 94 Ohio St.3d 1235, 1236, 763 N.E.2d 603.

{¶ 5} And even if an affidavit of disqualification were a proper device for challenging a judge's alleged tardiness in ruling on pretrial motions, the facts of this case present particularly weak support for affiant's claim of bias. He filed the motions in the trial court on September 22, 2004, and now alleges five days later in this court that the judge must be removed from the case for failing to act on those motions more quickly. Far from proving bias or prejudice on the judge's part, the affidavit in fact "appears to have been filed solely to obtain a delay" of the trial. *In re Disqualification of Spahr* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457.

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied. The case shall proceed before Judge Eyster.