IN RE DISQUALIFICATION OF POKORNY.

SIZEMORE *v.* FARM CREDIT SERVICES OF MID-AMERICA.

**[Cite as *In re Disqualification of Pokorny,* 135 Ohio St.3d 1268, 2013-Ohio-915.]**

*Judges—Affidavit of disqualification—R.C. 2701.03—Affiant's civil suit against judge in federal court does not alone constitute grounds for disqualification in common pleas court—Alleged bias against women and pro se litigants not proven—Disqualification denied.*

(No. 13-AP-008—Decided January 29, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Ashland County Court of Common Pleas Case No. 11-CIV-371.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Terrie Sizemore, plaintiff in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Thomas John Pokorny, a retired judge sitting by assignment, from presiding over any further proceedings in case No. 11-CIV-371, now pending in the Court of Common Pleas of Ashland County.

**{¶ 2}** According to Sizemore's affidavit, the initial judge hearing her case, Judge Ronald P. Forsthoefel, voluntarily recused himself after Sizemore filed a federal civil action against him. Sizemore alleges that his replacement, Judge Pokorny, should be disqualified for four main reasons: (1) Sizemore has moved to supplement her complaint in the federal case to add Judge Pokorny as a defendant, (2) it appears that Judge Pokorny has conspired with Judge Forsthoefel and defendant's counsel, Greg Melick, to conceal material facts and to deny Sizemore her right to defend herself, (3) Judge Pokorny appears to be biased

against women and pro se litigants, and (4) Judge Pokorny has scheduled a hearing on defendant's motion for summary judgment on its counterclaim to declare Sizemore a vexatious litigator.

{¶ 3} For the following reasons, no basis has been established to order the disqualification of Judge Pokorny.

{¶ 4} First, the fact that Sizemore is attempting to name Judge Pokorny as a defendant in her federal case does not automatically lead to his disqualification in the underlying state-court proceeding. It is well established that a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against that judge. To hold otherwise would invite parties to file lawsuits solely to obtain a judge's disqualification, which would severely hamper the orderly administration of judicial proceedings. *See In re Disqualification of Hunter*, 36 Ohio St.3d 607, 608, 522 N.E.2d 461 (1988); *In re Disqualification of Kilpatrick*, 47 Ohio St.3d 605, 606, 546 N.E.2d 929 (1989).

{¶ 5} Second, Sizemore has failed to substantiate her claim that Judge Pokorny is engaging in a conspiracy with Judge Forsthoefel and Melick. In an affidavit-of-disqualification proceeding, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). The affiant is often required to submit evidence beyond the affidavit itself supporting the allegations contained therein. *See In re Disqualification of DeWine*, ___ Ohio St.3d ___, 2012-Ohio-6288, ___ N.E.2d ___, ¶ 18. To support her conspiracy claim, Sizemore attached a December 10, 2012 letter from Judge Forsthoefel to the parties. Judge Forsthoefel attached to the letter a copy of the certificate of assignment reassigning Judge Pokorny to the case, and he informed the parties that "upon Judge Pokorny's request," a hearing on the defendant's motion for summary judgment was scheduled for February 1, 2013. Sizemore claims that because Judge Forsthoefel had already recused himself at the time he sent the letter, his participation gives the "overt appearance

of conspiracy" to deprive her of her federal rights and gives the appearance that both judges are conspiring with Melick. But on its face, the letter merely informs the parties that Judge Pokorny has scheduled a hearing on a pending motion, and Sizemore has acknowledged that she does not have "any way of ascertaining if there is a relationship between these two Judges." Vague or unsubstantiated allegations—such as those here—are insufficient to establish bias or prejudice. *See In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 6} Third, Sizemore has similarly failed to substantiate her claim that Judge Pokorny is biased against female and pro se litigants. Allegations of such bias strike at the very heart of the judiciary and are among the most serious and damaging that can be directed at a judge. As a result, such claims must be proven by clear evidence establishing the existence of bias. *See In re Disqualification of Cunningham*, 100 Ohio St.3d 1216, 2002-Ohio-7470, 798 N.E.2d 4, ¶ 2 (setting forth standard for evaluating allegations of racial bias). Sizemore repeatedly asserts that Judge Pokorny is biased in favor of men and attorneys—mostly because he has promptly responded to the defendant's motions but has failed to rule on Sizemore's motions. However, Sizemore has not provided any actual evidence, beyond speculation or conjecture, to support her assertion that Judge Pokorny's actions are the product of bias—based on gender, pro se status, or otherwise. Allegations that are based solely on innuendo and speculation are insufficient to establish bias or prejudice. *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4.

{¶ 7} Fourth, the fact that Judge Pokorny has scheduled a hearing on defendant's motion for summary judgment is not grounds for disqualification. Sizemore claims that Judge Pokorny scheduled this hearing without legal grounds to do so, in violation of the Civil Rules, in violation of her right to a jury trial, and without regard to the evidence in the record. It is well settled, however, that a party's disagreement or dissatisfaction with a court's legal rulings, even if those

rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Similarly, a judge's action, or inaction, on a pending motion is within the judge's sound discretion and is not evidence of bias or prejudice. *In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4. Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling. The remedy for these and other legal claims, if any, lies in appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 8} Finally, affidavit-of-disqualification proceedings are narrow in scope and " 'limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case.' " *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 9, quoting *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999). Many of Sizemore's allegations in her affidavit are directed against Judge Forsthoefel and attorney Melick. However, this is not the proper forum to evaluate whether the previous judge in the case or an attorney engaged in any wrongdoing or professional misconduct.

{¶ 9} In conclusion, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Pokorny.

————————————