IN RE DISQUALIFICATION OF PARK.

IN RE TESTAMENTARY TRUST OF CONLEY.

[Cite as *In re Disqualification of Park,* 136 Ohio St.3d 1214, 2013-Ohio-2734.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's opinion of law in affiant's case, even if erroneous, is not grounds for disqualification without evidence of bias or prejudice—Judge will not be disqualified merely because affiant has filed lawsuit against judge.*

(No. 13-AP-038—Decided May 24, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas, Probate Division, Case No. 195704.

_____

**O'CONNOR, C.J.**

{¶ 1} Craig T. Conley, counsel for trustee Joan E. Collier, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dixie Park from presiding over any further proceedings in case No. 195704 and from all future cases involving Conley.

{¶ 2} Conley claims that in the underlying probate matter, Judge Park has exhibited bias against him and Collier. Conley also claims that Judge Park has a bias against him "arising from other unrelated Stark County Probate Court cases."

{¶ 3} Judge Park has responded in writing to the allegations in Conley's affidavit. She disclaims any personal bias against Conley and affirms that she is able to preside fairly and impartially in the current matter and all future cases involving Conley.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Park.

### *In re Testamentary Trust of Kathleen B. Conley*

**{¶ 5}** On April 22, 2013, the Fifth District Court of Appeals held that Judge Park had abused her discretion by sua sponte vacating a previous entry approving trustee Collier's partial account. *See In re Testamentary Trust of Conley,* 5th Dist. No. 2012-CA-00133, 2013-Ohio-1631, ¶ 18. Judge Park claimed that she vacated the account's prior approval to "correct a clerical error" under Civ.R. 60(A), but the appeals court found that she "went beyond the scope of merely correcting a clerical mistake" and "substantively changed" her previous approval of the account, which required reversal of the judge's sua sponte entry.

**{¶ 6}** In his affidavit, Conley speculates that because there was no "clerical error" to correct, as Judge Park had claimed, she "must have a bias or prejudice" against Collier and Conley. Conley also claims that Judge Park's failure to rule on Collier's application for trustee fees further demonstrates bias. It is well established, however, that a judge's opinion of law, even if later found erroneous, is not by itself evidence of bias or prejudice and therefore not grounds for disqualification. *In re Disqualification of Kimmel*, 36 Ohio St.3d 602, 522 N.E.2d 456 (1987); *see also In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 2012-Ohio-6336, 986 N.E.2d 10, ¶ 8 (appeals court holding that trial court abused its discretion does not itself demonstrate bias or prejudice). Similarly, a judge's inaction on a pending motion is within the judge's sound discretion and is not evidence of bias or prejudice. *In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4. Procedures exist by which appellate courts may review—and, as here, correct—rulings made by trial courts. Because nothing in the appeals court opinion indicates that Judge Park's decision was the product of bias or prejudice against Conley or Collier, Conley's affidavit pertaining to the underlying proceeding is not well taken.

**Conley's requested blanket order of disqualification**

{¶ 7}   Conley also claims that Judge Park has a bias against him arising from unrelated cases, and therefore she should be removed from all cases involving Conley.  Conley, however, has failed to establish the need for a blanket order of disqualification.

{¶ 8}   First, Conley claims that Judge Park has repeatedly referred to him as "the devil incarnate."  Conley has not explained to whom or when Judge Park allegedly made this statement, and Judge Park flatly denies referring to Conley in such a way.  On this record, Conley's vague and unsubstantiated allegation—especially in the face of a clear denial by Judge Park—is insufficient to establish bias or prejudice.  *See In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

{¶ 9}   Second, Conley claims that he previously drafted two affidavits of disqualification against Judge Park, resulting in her voluntary recusal from the underlying cases.  In response, Judge Park acknowledges recusing herself from those two cases, but she further claims that there was no indication that Conley drafted or was otherwise involved in the filing of the affidavits of disqualification.  Both affidavits were filed pro se and did not indicate Conley's participation as counsel, and Conley was not counsel of record for the affiants in the underlying cases.  Moreover, Judge Park states that in each case, her decision to recuse had nothing to do with Conley.

{¶ 10} Conley has not established that Judge Park was aware of his involvement in the two previous affidavit-of-disqualification cases, and even if she had been aware, Conley has not established that his involvement contributed to the judge's decision to recuse.  More importantly, Conley has not shown how these previous affidavit cases show an ongoing judicial bias against him.  In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit

sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). "[I]t is well established that a judge's voluntary removal from an earlier case does not, by itself, support disqualification from an unrelated case involving that same party or attorney." *In re Disqualification of Celebrezze*, 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶7. Without more, these previous affidavit-of-disqualification cases do not support a claim of bias or prejudice.

**{¶ 11}** Third, Conley claims that since September 2011, he has been forced to file two extraordinary-writ actions against Judge Park: (1) a public-records mandamus case, which Conley voluntarily dismissed after Judge Park complied with his records request, and (2) a procedendo action, in which Conley was successful. Conley further asserts that Judge Park failed to timely follow the appellate court's writ of procedendo, which in turn caused Conley to file a motion to show cause against the judge.

**{¶ 12}** "[A] judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against the judge." *In re Disqualification of Pokorny*, 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 993, ¶ 4. But even more important here, Judge Park has thoroughly explained her actions relating to the two writ cases. For example, Judge Park states that her delay in responding to Conley's public-records request was due to court-equipment issues, and when the probate court procured the necessary equipment, she responded to the request. Similarly, Judge Park explains why she issued the stay that led to the procedendo action. While the appeals court ultimately did not agree with Judge Park's decision issuing the stay, the judge's legal opinion is not evidence of bias against Conley. *See In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988) ("alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification"). Further, Judge Park states that following the remand from the appellate court, the matter was

4

rescheduled for hearing in less than 30 days; therefore, Conley's claim that the judge disregarded the appellate court's order is not credible. Based on this record, no reasonable observer would question Judge Park's impartiality based on her conduct in these two writ cases.

### Conclusion

**{¶ 13}** "The statutory right to seek disqualification of a judge is an extraordinary remedy * * *." *In re Disqualification of Hunter*, 36 Ohio St.3d 607, 522 N.E.2d 461 (1988). The significance of that remedy is heightened here because Conley, an admittedly "active practitioner and litigator in Stark County," seeks a blanket order of disqualification. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Conley has failed to submit compelling evidence to overcome those presumptions, and therefore he has failed to establish an appearance of impropriety warranting a blanket order of disqualification.

**{¶ 14}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Park.

_____