IN RE DISQUALIFICATION OF MATTINGLY.

KELL *v.* VERDERBER.

[Cite as *In re Disqualification of Mattingly,* ___ Ohio St.3d ___,

2014-Ohio-3065.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification denied.*

(No. 14-AP-036—Decided May 23, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court

of Common Pleas, Domestic Relations Division, Case No. A-73023388.

_____

O'CONNOR, C.J.

{¶ 1}   Plaintiff Mary Jo Kell has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Elizabeth B. Mattingly from the above-captioned case, pending in the Domestic Relations Division of the Court of Common Pleas of Hamilton County.

{¶ 2}   Kell claims that Judge Mattingly is biased against her because (1) Kell filed a complaint for an extraordinary writ in this court against Judge Mattingly, (2) the judge brought up the defense of laches at a status conference, even though the defendant had not previously raised that defense, and (3) the judge has issued a series of adverse rulings against her.

{¶ 3}   Judge Mattingly has responded in writing to the allegations in the affidavit, averring that the allegations of bias are unfounded.  Judge Mattingly further states that she mentioned laches at the status conference because she was "confronted with a case that was initially litigated over thirty-five years ago."

{¶ 4}   For the following reasons, no basis has been established to order the disqualification of Judge Mattingly.

**{¶ 5}** First, "a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against the judge." *In re Disqualification of Pokorny*, 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 933, ¶ 4. Second, "[r]ulings that are adverse to a party in a pending case and with which a party disagrees or is dissatisfied are not grounds for disqualification, even if those rulings later are reversed on appeal." *In re Disqualification of Sheward*, 77 Ohio St.3d 1258, 1259, 674 N.E.2d 365 (1996), citing *In re Disqualification of Murphy,* 36 Ohio St.3d 605, 522 N.E.2d 459 (1988). Here, Kell primarily complains about the fact that Judge Mattingly has prevented her from submitting additional evidence at the upcoming hearing. Judge Mattingly asserts that no additional factual evidence is required, as the pending matter concerns a question of law. This issue, however, should be decided on appeal, not in an affidavit-of-disqualification proceeding. *See In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 6}** Finally, under the unique circumstances of the underlying case, the fact that Judge Mattingly brought up the issue of laches at a status conference does not indicate that the judge has a bias against Kell.

**{¶ 7}** "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 8}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Mattingly.

_____