IN RE DISQUALIFICATION OF FAVREAU.

STATE *v.* BATTLE.

[Cite as *In re Disqualification of Favreau,*
145 Ohio St.3d 1212, 2015-Ohio-5666.]

(No. 15–AP–080—Decided October 5, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant, Billy J. Battle, and his counsel, Eric Allen, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dan W. Favreau from presiding over any further proceedings in the above-captioned case, now pending on Battle's motion for leave to file an untimely postconviction petition. This is the second affidavit of disqualification that Battle has filed against Judge Favreau in the underlying case. His prior disqualification request was denied by entry dated October 4, 2013. *See* case No. 13–AP–093.

{¶ 2} Battle and Allen request Judge Favreau's removal because Battle has sued the judge for defamation and other torts in a separate civil matter. According to Allen's affidavit, Judge Favreau falsely stated or implied in a 2012

case involving Battle's father that Battle had been convicted of kidnapping. Allen argues that because Judge Favreau presided over Battle's underlying criminal trial, the judge knew that Battle had not been convicted of that crime.

{¶ 3} Judge Favreau has responded in writing to the affidavits, denying any bias against Battle and denying that he committed any torts.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Favreau.

{¶ 5} "It is well established that a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against that judge. To hold otherwise would invite parties to file lawsuits solely to obtain a judge's disqualification, which would severely hamper the orderly administration of judicial proceedings." *In re Disqualification of Pokorny*, 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 993, ¶ 4. Allen appears to acknowledge this precedent in his affidavit but nonetheless argues that the circumstances here are distinguishable. It is true that although the filing of a lawsuit against a judge does not automatically warrant removal, it does not necessarily follow that a judge should never be disqualified on the grounds that he or she is involved in an unrelated lawsuit with a litigant. Each case must be determined on its own merits and based on the nature of the perceived conflict. *See* Flamm, *Judicial Disqualification*, Section 21.6, at 633–634 (2d Ed.2007).

{¶ 6} Here, Battle filed his civil lawsuit against Judge Favreau based on a comment the judge made at a hearing, presumably in his official capacity. A trial court has already terminated Battle's civil lawsuit on judicial-immunity grounds, although Battle has a pending appeal. Additionally, Judge Favreau presided over the 2009 jury trial in the underlying criminal case and therefore is in the best position to hear Battle's pending postconviction motion. It has long been held that "[i]n the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case." *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989). Based on this record, the fact that Battle filed a defamation suit against the judge is insufficient to warrant disqualification.

{¶ 7} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Favreau.