IN RE DISQUALIFICATION OF DINKELACKER.

THE STATE OF OHIO *v.* HUNTER.

[Cite as *In re Disqualification of Dinkelacker,*
145 Ohio St.3d 1222, 2015-Ohio-5669.]

(No. 15–AP–084—Decided October 13, 2015.)

O'CONNOR, C.J.

{¶ 1} Judge Tracie Hunter, defendant in the above-captioned cases, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Patrick Dinkelacker from presiding over any further proceedings in the matters.

{¶ 2} This is the second affidavit of disqualification filed by or on behalf of Judge Hunter against Judge Dinkelacker. The first affidavit was denied by entry dated April 21, 2015. *See In re Disqualification of Dinkelacker,* 144 Ohio St.3d 1244, 2015-Ohio-3339, 43 N.E.3d 438. In her current affidavit, Judge Hunter repeats many of the same allegations raised in her previous disqualification request. Judge Hunter also sets forth two new allegations. First, she asserts that in August 2015, she filed a civil lawsuit against Judge Dinkelacker in federal court. Second, she claims that video from a September 4, 2015 hearing shows that there is "tension" between her and Judge Dinkelacker. According to Judge Hunter, these two new facts, combined with the allegations from the first affidavit of disqualification, give rise to an appearance of impropriety.

{¶ 3} Judge Dinkelacker has responded in writing to the allegations, reaffirming that he can fairly and impartially preside over the underlying cases. Judge Dinkelacker explains that Judge Hunter's federal lawsuit names 20 other defendants and that all of her allegations against him relate to his judicial rulings. The judge also denies that he showed any bias against Judge Hunter at the September 4 hearing.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Dinkelacker.

{¶ 5} First, many of the allegations in Judge Hunter's current affidavit were addressed (and rejected) following her previous disqualification request, and she has not established that the previous entry was in error. Second, the fact that Judge Hunter has since filed a federal lawsuit naming Judge Dinkelacker as a defendant, among others, does not warrant disqualification:

> It is well established that a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against that judge. To hold otherwise would invite parties to file lawsuits solely to obtain a judge's disqualification, which would severely hamper the orderly administration of judicial proceedings.

*In re Disqualification of Pokorny,* 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 993, ¶ 4. Finally, Judge Hunter has failed to establish that any interaction she had with Judge Dinkelacker at the September 4 hearing would cause a reasonable and objective observer to harbor serious doubts about his impartiality. *See In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the test to establish an appearance of impropriety). "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Dinkelacker.