O'Connor, C.J.
*1272 {¶ 1} Defendant, James L. Lindon, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Shirley Strickland Saffold from presiding over any further proceedings in the above-referenced criminal case, which the court of appeals remanded for a hearing on Mr. Lindon's motion to suppress.
{¶ 2} Mr. Lindon recently filed a federal lawsuit against Judge Saffold alleging that the community-control sanctions she previously placed on him violated his constitutional rights. Mr. Lindon avers that because of his federal complaint, Judge Saffold has "cause for bias or prejudice against him in the pending proceeding."
{¶ 3} Judge Saffold has responded in writing to the affidavit and denies that she has exhibited any bias against Mr. Lindon.
{¶ 4} "It is well established that a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against that judge. To hold otherwise would invite parties to file lawsuits solely to obtain a judge's disqualification, which would severely hamper the orderly administration of judicial proceedings." In re Disqualification of Pokorny , 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 993, ¶ 4. Rather, "[e]ach case must be determined on its own merits and based on the nature of the perceived conflict."
*1273 In re Disqualification of Favreau , 145 Ohio St.3d 1212, 2015-Ohio-5666, 47 N.E.3d 862, ¶ 5.
{¶ 5} Here, Mr. Lindon failed to offer any specific reasons why he believes his federal complaint creates a conflict for Judge Saffold. R.C. 2701.03(B)(1) requires a litigant to set forth the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." It appears that Mr. Lindon's federal complaint relates solely to the sentence that Judge Saffold imposed in the underlying case. In general, suing a judge does not create legitimate grounds for disqualification when the judge has been sued "as a result of her rulings in the case." Flamm, Judicial Disqualification , Section 21.6, at 630-631 (2d Ed.2007). Moreover, Mr. Lindon has not alleged that Judge Saffold has said or done anything that might suggest that the filing of his federal complaint will affect her willingness to proceed impartially in the criminal matter. "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
*388 {¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Saffold.