[This opinion has been published in *Ohio Official Reports* at 175 Ohio St.3d 1216.]

IN RE DISQUALIFICATION OF BRUNS.

IN RE D.G.

[Cite as *In re Disqualification of Bruns*, 2024-Ohio-1308.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant had standing as a "party to the proceeding" under R.C. 2701.03(A) to seek judge's disqualification from presiding over juvenile-court delinquency proceeding in which affiant's child was the alleged delinquent child—Affiant failed to show that judge is interested in underlying case or "otherwise is disqualified" under R.C. 2701.03(A)—Disqualification denied.*

(No. 24-AP-006—Decided March 5, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Montgomery County Court of Common Pleas, Juvenile Division, Case No. 23JC3115.

_____

KENNEDY, C.J.

{¶ 1} Robin Mapp, the mother of the alleged delinquent child in the underlying case, has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Julie Bruns of the Montgomery County Court of Common Pleas, Juvenile Division, from presiding over the case. Judge Bruns filed a response to the affidavit of disqualification.

{¶ 2} This matter presents the threshold question whether Mapp, as the mother of the alleged delinquent child, has standing to seek Judge Bruns's disqualification. R.C. 2701.03(A) permits "any party to the proceeding or the party's counsel" to file an affidavit of disqualification against a judge of the court of common pleas. As explained below, because the applicable statutes and court rules give to or impose on parents certain rights and duties in juvenile-court delinquency proceedings, Mapp is considered a party to the underlying delinquency

case for the limited purpose of filing an affidavit of disqualification under R.C. 2701.03. Therefore, Mapp has standing to file the affidavit of disqualification.

{¶ 3} Turning to the merits of the affidavit of disqualification, Mapp has not established that the judge should be disqualified. Therefore, the affidavit of disqualification is denied. The case shall proceed before Judge Bruns.

**Trial-Court Proceedings**

{¶ 4} On June 24, 2023, Mapp's child, D.G., was charged with two counts of aggravated robbery, both felonies of the first degree, and was remanded to a detention facility. On July 5, the complaint was amended to add two firearm specifications, one for each count of aggravated robbery.

{¶ 5} On July 25, D.G.'s attorney withdrew from the representation.

{¶ 6} On August 10, D.G.'s new attorney requested a competency evaluation for D.G. After the court's psychologist completed an evaluation, D.G.'s attorney requested a second competency evaluation, which Judge Bruns allowed. The court scheduled a competency hearing for November 15. On request of D.G.'s attorney, the court rescheduled the hearing for November 29.

{¶ 7} At the November 29 hearing, Judge Bruns found D.G. competent and scheduled a preliminary conference for December 8. The judge later rescheduled the preliminary conference for December 12 because Mapp was unavailable on December 8.

{¶ 8} During the December 12 conference, D.G.'s family requested removal of his attorney. Based on the attorney's representation that he had a breakdown in communication with Mapp, the judge granted that request.

{¶ 9} On December 13, the court appointed a new attorney for D.G. and scheduled a conference for January 8, 2024.

{¶ 10} On January 8, the state of Ohio requested that the court appoint a guardian ad litem for D.G. because of an alleged breakdown in communication

between D.G. and Mapp. The court appointed a guardian ad litem for D.G. and scheduled another conference for January 24.

**{¶ 11}** On January 12, Mapp filed this affidavit of disqualification.

**{¶ 12}** Because the question of standing asks whether an individual is entitled to have a court hear a controversy, a threshold issue here is whether Mapp is qualified to file an affidavit of disqualification against Judge Bruns under R.C. 2701.03(A).

**Standing to File an Affidavit of Disqualification**

**{¶ 13}** Standing to file an affidavit of disqualification is conferred by statute. *In re Disqualification of Gallagher*, 173 Ohio St.3d 1201, 2023-Ohio-2977, 228 N.E.3d 1, ¶ 26. R.C. 2701.03(A) provides that "[i]f a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, *any party to the proceeding or the party's counsel may file an affidavit of disqualification* with the clerk" of this court. (Emphasis added.)

**{¶ 14}** Under this plain and unambiguous language, only a "party to the proceeding or the party's counsel" may file an affidavit of disqualification. *Id.* Chief justices "have 'strictly enforced' this statutory language and have consistently found that 'individuals who do not qualify as a "party" or "party's counsel" do not have standing to file an affidavit of disqualification.' " *Gallagher* at ¶ 26, quoting *In re Disqualification of Grendell*, 137 Ohio St.3d 1220, 2013-Ohio-5243, 999 N.E.2d 681, ¶ 2; *see also In re Disqualification of Leach*, 173 Ohio St.3d 1252, 2023-Ohio-4776, 229 N.E.3d 1233, ¶ 4. For purposes of R.C. 2701.03(A), a "party's counsel" includes counsel of record in the underlying case from which the judge's disqualification is sought *or* an attorney retained by a party

in the underlying case to file an affidavit of disqualification in this court. *Gallagher* at ¶ 29-34.

{¶ 15} "In general, a 'party' is defined as '[o]ne by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment.' " *In re Disqualification of Berhalter*, 173 Ohio St.3d 1255, 2023-Ohio-4881, 229 N.E.3d 1235, ¶ 21, quoting *Black's Law Dictionary* 1350-1351 (11th Ed.2019). Because the underlying delinquency complaint was not brought by or against Mapp, it would be unusual to consider her a party—at least in the traditional sense—to her child's juvenile-delinquency proceeding. However, Mapp has an interest in her minor son's custody and care; as explained below, applicable statutes and court rules confer rights and duties on parents in delinquency proceedings.

{¶ 16} For example, when a child is admitted to a place of detention, an informal detention hearing shall be held within 72 hours of admission to determine whether detention is required. R.C. 2151.314(A). Notice of the time, place, and purpose of the detention hearing must be given to the child's parents. *Id.* If a parent is not notified and did not appear or waive appearance at the hearing, upon the filing of an affidavit stating these facts, the court shall rehear the matter without unnecessary delay. *Id.*

{¶ 17} After a complaint is filed, the court shall promptly issue a summons to the child *and* to "the parents * * * and any other persons that appear to the court to be proper or necessary parties to the proceedings, requiring them to appear before the court at the time fixed to answer the allegations of the complaint." R.C. 2151.28(C)(1). If the complaint alleges a child to be delinquent, "the court shall require the parent * * * to attend all proceedings of the court regarding the child." R.C. 2151.35(A)(1). And if the parent fails to so attend, "the court may find the parent * * * in contempt." *Id.*

**{¶ 18}** A child *and* "the child's parents" are "entitled to representation by legal counsel at all stages of the proceedings under [Chapter 2151] or Chapter 2152 of the Revised Code."  R.C. 2151.352, *held unconstitutional as applied in In re Adoption of Y.E.F.*, 163 Ohio St.3d 521, 2020-Ohio-6785, 171 N.E.3d 302.  And the child's parents "shall be entitled to visit such child at any reasonable time, be present at any hearing involving the child, and be given reasonable notice of such hearing." *Id.*  Before a juvenile court conducts a hearing to transfer a child charged with delinquency to the adult division, the court "shall give notice in writing of the time, place, and purpose of any hearing * * * to the child's parents * * * at least three days prior to the hearing."  R.C. 2152.12(G).  Additionally, "when a child has been committed" by the authority of the juvenile court, the court "shall issue an order * * * requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child."  R.C. 2151.36.

**{¶ 19}** The Ohio Rules of Juvenile Procedure reflect the will of the General Assembly and expressly include in the definition of "party" a "child who is the subject of a juvenile court proceeding" *and* "the child's parent or parents."  Juv.R. 2(BB).  The rules further require that a juvenile-court complaint contain the name and address of the child's parent, guardian, or custodian or state that the name or address is unknown, Juv.R. 10(B)(2), and that the court cause the issuance of a summons directed to the parents, Juv.R. 15(A).

**{¶ 20}** Because parents must be served in juvenile-delinquency proceedings, lower courts have concluded that parents are necessary parties in delinquency cases.  *See, e.g.*, *In re Jordan*, 11th Dist. Trumbull No. 2001-T-0067, 2002-Ohio-2820, ¶ 7 ("Parents are considered to be necessary parties to any proceeding concerning their child and must be served"), citing *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re Brunner*, 4th Dist. Scioto No. 02CA2865, 2003-Ohio-2590, ¶ 13 (same); *In re Taylor*, 8th Dist. Cuyahoga No.

76429, 2000 WL 739457, *3 (June 8, 2000) (same); *In re Koogle*, 2d Dist. Greene Nos. CA-82-68 and CA-82-93, 1983 WL 2461, *2 (June 16, 1983) (same).

{¶ 21} Because of a parent's special status in juvenile-court delinquency proceedings, Mapp is considered a "party to the proceeding" for the limited purpose of filing an affidavit of disqualification under R.C. 2701.03.

{¶ 22} Based on the foregoing, Mapp has standing to file the affidavit of disqualification in her child's delinquency proceeding. Therefore, I turn to the allegations in the affidavit of disqualification.

**Affidavit-of-Disqualification Proceedings**

{¶ 23} R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 24} Under that statute, Mapp makes two allegations against Judge Bruns. Mapp alleges that Judge Bruns has a "vested interest" in the underlying case and that Judge Bruns should be disqualified for other reasons. The judge denies that there are any grounds for her disqualification.

*Interest*

{¶ 25} In support of the allegation that the judge has an interest in the underlying case, Mapp points to statements made by the judge. Mapp asserts that on December 12, 2023, the judge said that the court would not be releasing D.G. from detention "regardless of the evaluations or if he took a plea deal." Mapp also claims that on January 8, 2024, the judge threatened her because Mapp would not approve the plea agreement offered to D.G. by the state, and Mapp claims that the judge said that Mapp needs a translator to understand the terms of the proposed plea agreement.

6

{¶ 26} In response, Judge Bruns denies having any interest in the juvenile-court proceeding. The judge also denies prejudging any issue in the case, threatening Mapp in any way, and interfering with D.G.'s decision whether to accept a plea deal from the state.

*Otherwise Disqualified under R.C. 2701.03(A)*

{¶ 27} In support of the allegation that the judge is disqualified for other reasons, Mapp asserts that the judge has deprived D.G. of a quick and speedy trial and has violated his right to counsel by appointing ineffective attorneys. Mapp also seeks the judge's disqualification because Mapp named the judge in a petition for a writ of habeas corpus that she filed on D.G.'s behalf in the Second District Court of Appeals. Additionally, Mapp avers that an appearance of impropriety exists "because the alleged plaintiff was a fully ran corporation within the State of Ohio."

{¶ 28} In response, the judge states that although the right to a speedy trial is not applicable in the underlying juvenile-court proceeding, the court has been vigilant about attempting to move the case forward. A trial date has not yet been scheduled, because of the issues raised in the underlying proceeding.

{¶ 29} D.G.'s former attorney sought two competency evaluations. The matter was scheduled for a competency hearing when D.G.'s attorney requested a continuance of the proceeding. Shortly thereafter, D.G.'s family requested the removal of D.G.'s attorney, which the judge granted, ordering the appointment of new counsel. In January 2024, the state requested the appointment of a guardian ad litem for D.G. because of a breakdown in communication between the child and Mapp. The judge granted the request and appointed a guardian ad litem for D.G. The judge also states that D.G. has been detained since his arrest based in part on the serious nature of the charges.

{¶ 30} With respect to D.G.'s right to counsel, the judge states that she has appointed him two highly competent and experienced attorneys and a highly competent guardian ad litem.

**{¶ 31}** Lastly, the judge denies that any appearance of impropriety exists.

### Disqualification of a Common-Pleas-Court Judge

**{¶ 32}** As set forth above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of the court of common pleas. Granting or denying an affidavit of disqualification turns on whether the chief justice determines that the allegations of interest, bias, prejudice, or disqualification set forth in the affidavit exist. R.C. 2701.03(E).

**{¶ 33}** The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4.

**{¶ 34}** Mapp alleges two bases for the disqualification of Judge Bruns—the judge has an interest in the case and the judge should be disqualified for other reasons.

**{¶ 35}** The term "interest" is not defined in R.C. 2701.03. The Code of Judicial Conduct requires a judge to disqualify himself or herself in any proceeding in which the judge "[h]as more than a *de minimis* interest that could be substantially affected by the proceeding," Jud.Cond.R. 2.11(A)(2)(c), or "the judge knows that he or she * * * has an economic interest in the subject matter in controversy or in a party to the proceeding," Jud.Cond.R. 2.11(A)(3).

**{¶ 36}** A judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias, or prejudice—apply but other grounds for disqualification exist. *See In re Disqualification of Schooley*, 173 Ohio St.3d 1241, 2023-Ohio-4332, 229 N.E.3d 1224, ¶ 19. For example, the statute speaks in terms of *actual* bias and prejudice; "[n]evertheless, even in cases in which no evidence of actual bias or prejudice is

apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue," *In re Disqualification of Crawford*, 152 Ohio St.3d 1256, 2017-Ohio-9428, 98 N.E.3d 277, ¶ 6. In addition, an ex parte communication between a judge and a party can be grounds for the judge's disqualification when the communication either was initiated by the judge or addressed substantive matters in the pending case. *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. Jud.Cond.R. 2.11 sets forth additional circumstances under which a judge must be disqualified, including when a family member of the judge has an interest in the matter in controversy and when the judge likely will be a material witness in the proceeding.

{¶ 37} These examples are not exhaustive, but they illustrate that a judge may be "otherwise * * * disqualified" when the specific grounds for disqualification set forth in R.C. 2701.03(A) are not applicable.

### Analysis

{¶ 38} As explained below, Mapp has not established that Judge Bruns's disqualification is warranted.

*Interest*

{¶ 39} Mapp's allegation of interest is based on one thing the judge would not do—release D.G. from detention—and one thing the judge allegedly did do—threaten Mapp for not approving the plea deal. But Mapp does not explain how either of these actions shows that the judge has a personal interest in the case.

{¶ 40} Therefore, this allegation lacks merit.

*Otherwise Disqualified under R.C. 2701.03(A)*

{¶ 41} Mapp has also not proved that the judge is otherwise disqualified.

{¶ 42} Mapp states that the judge should be disqualified because the judge has deprived D.G. of his constitutional rights to a speedy trial and to effective assistance of counsel. Moreover, Mapp claims that the judge should be disqualified

because the judge is named in a habeas corpus case and "because the alleged plaintiff was a fully ran corporation within the State of Ohio."

**{¶ 43}** The chief justice's authority in an affidavit-of-disqualification proceeding is limited. The chief justice lacks authority "to resolve legal issues that are subject to appellate review." *Schooley*, 173 Ohio St.3d 1241, 2023-Ohio-4332, 229 N.E.3d 1224, at ¶ 23. The questions whether a juvenile is entitled to a speedy trial, whether the right to a speedy trial has been violated, and whether appointed counsel provided effective representation are matters for appellate review and therefore "not proper subjects in an affidavit of disqualification," *id.* at ¶ 24.

**{¶ 44}** Moreover, "[i]t is well established that a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a lawsuit against that judge." *In re Disqualification of Pokorny*, 135 Ohio St.3d 1268, 2013-Ohio-915, 986 N.E.2d 993, ¶ 4. However, "it does not necessarily follow that a judge should never be disqualified on the grounds that he or she is involved in an unrelated lawsuit with a litigant. Each case must be determined on its own merits and based on the nature of the perceived conflict." *In re Disqualification of Favreau*, 145 Ohio St.3d 1212, 2015-Ohio-5666, 47 N.E.3d 862, ¶ 5.

**{¶ 45}** In her petition for a writ of habeas corpus for D.G., Mapp cites the judge's actions in the underlying case. "The fact that a party has brought suit against a judge is especially unlikely to be deemed to provide a cognizable ground for seeking that judge's disqualification * * * where the judge has been sued * * * as a result of her rulings in the case." Flamm, *Recusal and Disqualification of Judges*, Section 60.3, at 932-934 (2018); *see also In re Disqualification of Saffold*, 155 Ohio St.3d 1272, 2018-Ohio-5258, 121 N.E.3d 387, ¶ 5. Therefore, Mapp's petition for a writ of habeas corpus for D.G. does not require Judge Bruns's disqualification from the underlying juvenile-court case.

**{¶ 46}** Lastly, "[t]he proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective

one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Mapp's only evidence to support the allegation that an appearance of impropriety exists is her statement that "the alleged plaintiff was a fully ran corporation within the State of Ohio." Judge Bruns maintains that she is fair and impartial.

**{¶ 47}** All judges are accorded a "presumption of impartiality." *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7. A judge's subjective belief about his or her own impartiality is generally not a decisive factor in whether to grant an affidavit-of-disqualification request, but a judge's personal assessment is entitled to some weight. *Lewis* at ¶ 11, citing Flamm, *Judicial Disqualification*, Section 5.6.2, at 158 (1996). The question whether a judge's impartiality can "reasonably be questioned" is resolved by considering the facts as they existed at the time of the judge's statements or actions.

**{¶ 48}** The affiant has the burden "to not only identify specific allegations of bias but to ensure the 'allegations could be verified by the record.' " *In re Disqualification of Schroeder*, 172 Ohio St.3d 1238, 2023-Ohio-3171, 225 N.E.3d 1064, ¶ 49, quoting *In re Disqualification of Sheward*, 136 Ohio St.3d 1262, 2013-Ohio-4244, 995 N.E.2d 1201, ¶ 6. "When necessary, an affiant should submit evidence beyond the affidavit to support the allegations contained therein." *In re Disqualification of Trimmer*, 164 Ohio St.3d 1212, 2021-Ohio-2320, 172 N.E.3d 192, ¶ 5. "[I]t is not the chief justice's duty in deciding an affidavit of disqualification to further investigate an affiant's claims or obtain evidence on the affiant's behalf." *In re Disqualification of Knece*, 138 Ohio St.3d 1274, 2014-Ohio-1414, 7 N.E.3d 1213, ¶ 11.

**{¶ 49}** Here, Mapp has failed to prove the allegation that the judge is otherwise disqualified to preside over the underlying case. Her statement alone is insufficient to overcome the presumption of impartiality afforded to Judge Bruns.

**{¶ 50}** Therefore, this allegation lacks merit.

## Conclusion

**{¶ 51}** The affidavit of disqualification is denied.  The case shall proceed before Judge Bruns.

_____